OPINION OF THE COURT
Memorandum.
Ordered that the appeal from the order is dismissed on the ground that the right of direct appeal therefrom terminated with the entry of judgment (see Matter of Aho, 39 NY2d 241, 248 [1976]); and it is further, ordered that the judgment is affirmed, without costs.
By a certain document entitled Housing Assistance Payments (HAP) contract dated December 1, 1988, the New York City Department of Housing Preservation and Development, acting as a public housing authority (PHA), agreed to make rent subsidy payments to Cosmopolitan Associates (the owner) on behalf of the family of Antonio Margarin “in accordance with this contract.” The contract included provisions for the modification of the amount paid, and also for the termination of the contract. Those provisions required written notice to the owner of those changes, with those changes not having effect until that notice was given.
The sole remaining member of the family in residency, Mrs. Aurie Margarin (the tenant), entered a nursing home on February 15, 2008, without notifying the owner or the PHA. During the subsequent months, the PHA continued to pay the owner the contracted rent subsidy. When, in July 2008, the owner became aware that someone other than the tenant was occupying the apartment, it served a notice to cure and thereafter served a notice of termination. When the tenant failed to surrender the premises, eviction proceedings were instituted. The owner notified the PHA of the commencement of the legal proceedings against the tenant.
Upon receipt of notification from the owner, the PHA conducted a review of the tenant’s circumstances and, in December 2008, issued a decision terminating the tenant from the HAP subsidy program. The termination was made retroactive to February 29, 2008. The PHA then unilaterally recouped from the owner the sum of $5,444.90, representing what it deemed to be erroneous payments that had been made to the *33 owner after the tenant had vacated the leased premises. In response, the owner commenced this plenary action against the PHA to recover the principal sum of $6,130.95, which represented the amount recouped plus the rent subsidy for December 2008.
The owner thereafter moved for summary judgment, alleging that the PHA had failed to serve the owner with a notice of termination as required by paragraph 3 (E) of the HAP contract. Paragraph 3 (E) reads in part: “The PHA shall notify the Owner in writing of its decision to terminate housing assistance payments . . . and that housing assistance payments pursuant to the Contract shall terminate at the end of the calendar month which follows the calendar month in which the PHA gives notice to the Owner.”
The PHA cross-moved for summary judgment, alleging that notice to the owner was unnecessary when the tenant “moved” from the premises. The PHA maintained that, pursuant to the contract, the owner was only entitled to the payment of a subsidy for the last month in which the tenant was in occupancy. Paragraph 7 (A) (1) of the HAP contract reads:
“If the Family moves from the Contract unit in violation of the Lease, the owner shall receive the housing assistance payment due under the Contract for so much of the month in which the Family moves from the unit as the unit remains vacant. If the unit continues to remain vacant, the owner shall receive from the PHA a housing assistance payment in the amount of 80 percent of the Contract rent for a vacancy period not exceeding one additional month.”
The Civil Court granted the owner’s motion for summary judgment and denied the PHA’s cross motion for summary judgment dismissing the complaint, finding that the PHA could not terminate payments until it had provided the owner with written notice of the termination of subsidy payments.
In our view, the PHA was required to provide notice to the owner of its decision to terminate the subsidy payments. There is no evidence in the record to suggest that the owner knew or should have known that the tenant had permanently vacated the premises. Moreover, the owner could not unilaterally conclude that the tenant’s absence from the premises was permanent and that the premises had been abandoned. Rather, consistent with its obligations under the Rent Stabilization Code, the owner moved to recover the premises in compliance with the condition precedents set forth therein.
*34 Accordingly, the judgment is affirmed.
Pesce, EJ., Weston and Rios, JJ., concur.